IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:24-cr-00165 |
| v. | ) | |
| | ) | |
| CLAUDE DELANORE MANEY, JR. | ) | |

## UNITED STATES' MOTION FOR A DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

The United States of America, by and through Henry C. Leventis, United States Attorney, and Zachary T. Hinkle, Assistant United States Attorney, moves the Court to detain the defendant pending further proceedings in this matter under 18 U.S.C. § 3142(f)(1)(E). The United States is entitled by law to a detention hearing because the offense involves the possession of a firearm, and the Court should detain the defendant after the hearing.

Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions . . . will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community . . . upon motion of the attorney for the Government, in a case that involves . . . any felony . . . that involves . . . the possession of or use of a firearm." 18 U.S.C. § 3142(f)(1)(E). The indictment alleges the defendant possessed a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Therefore, the Court should set a detention hearing.

At the hearing, the United States bears the burden to establish that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[1] 18 U.S.C. § 3142(e)(1). In assessing this question,

---

[1] A finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). But when the risk of

this Court considers four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of dangerousness against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

These factors weigh in favor of detention. First, the nature and circumstances of the offense justify detention. The defendant—who has been convicted of, among other things, attempted second-degree murder and aggravated assault—was found in possession of two loaded handguns and a loaded magazine. When the defendant was arrested, one of the handguns was found resting freely in the driver's side floorboard of his running car. His two-year-old daughter, who was sitting unrestrained and unaccompanied in the front passenger seat, was mere feet from the loaded gun. To make matters worse, the defendant committed this offense while on probation *and* while on bond for several offenses, including resisting arrest and assault on a police officer.

Second, the evidence of the defendant's dangerous nature and failure to comply with conditions is clear. The discovery of the guns, including the gun sitting openly visible and easily accessible on the driver's side floorboard, is captured on body worn camera. Moreover, his prior convictions are easily established by certified copies of the judgments.

Third, the defendant's history and characteristics support an order of detention. The defendant's background is violent. As noted, the defendant has been convicted of attempted second-degree murder and aggravated assault by strangulation. Based on the affidavits in those cases, both incidents involved domestic violence. As to the attempted murder, the defendant

---

nonappearance is the basis for detention, the United States need only satisfy a preponderance of the evidence standard. *See United States v. Cornish*, 449 F. Supp. 3d 681, 684 (E.D. Ky. 2020) ("A flight-based (or, more accurately, nonappearance-based) detention decision must rest on facts supported by a preponderance of the evidence."); *see also United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

allegedly hit his girlfriend in the face as she was trying to leave during an argument, and then he shot at the car she was fleeing in several times. During the aggravated assault incident, the defendant allegedly grabbed his pregnant girlfriend by the neck and later threw her to the floor, which "cracked" her jaw. *See State v. Maney*, No. M2017-01711-CCA-R3-CD, 2018 WL 3700927, at *1-*2 (Tenn. Crim. App. Aug. 3, 2018).

Fourth, the defendant's conduct in this case and his criminal history establishes the danger that he poses to the community. So too does the fact that the defendant continues to unlawfully possess firearms despite some significant prior sentences. He received 8 years' imprisonment for the aggravated assault conviction. The defendant also received a sentence of 10 years' community corrections for his attempted-murder conviction, but he repeatedly violated the terms of his release, and his sentence of 10 years' imprisonment was ultimately placed into effect. The Court can have no confidence that the defendant would not violate any terms it imposed while on release pending trial in this case.

Accordingly, the United States moves the Court for a detention hearing and to detain the defendant pending further proceedings. The United States also respectfully requests a continuance of three days to prepare for the hearing.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*/s/ Zachary T. Hinkle*
ZACHARY T. HINKLE
Assistant United States Attorney
719 Church Street, Suite 330
Nashville, Tennessee 37203
Telephone: (615) 736-5151

3

## CERTIFICATE OF SERVICE

  I certify that a copy of the foregoing response was served on October 3, 2024, via the Court's electronic filing system, and will be served on counsel for the defendant when counsel is appointed.

                   s/*Zachary T. Hinkle*
                   ZACHARY T. HINKLE
                   Assistant U.S. Attorney